UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>V.<br><br>EARNEST BRADLEY HALL,<br>    Defendant. | CRIMINAL NO. 7:14-02-KKC<br><br>OPINION AND ORDER |

*** *** ***

Defendant Earnest Bradley Hall has filed a motion (DE 119) for relief under 18 U.S.C. 3582(c)(1)(A). In addition, he has filed two motions for court-appointed counsel to represent him in this matter (DE 120, 141). For the following reasons, the Court will deny the motions.

Hall pleaded guilty to receiving child pornography. By judgment dated November 25, 2014 (DE 34), the Court sentenced him to a prison term of 180 months (15 years). He has a projected release date of April 23, 2026.

He now moves to modify his sentence under 18 U.S.C. § 3582(c)(1)(A), which provides for what is commonly referred to as "compassionate release." He states that inmates have testified positive for COVID-19 and that he faces a serious risk of death if he is infected due to his "underlying chronic medical conditions." He identifies these medical conditions as traumatic brain injury, post-traumatic stress disorder, major depressive disorder, high blood pressure, and obesity.

He also states that his mother is terminally ill with cancer, and he wants to assist her emotionally and financially. His mother filed a letter with the Court confirming that she is terminally ill and stating that Hall's half-brother also has health issues. Hall and his mother have

filed multiple medical records in support of his motion. In addition, they have filed multiple letters from friends and relatives supporting his release.

18 U.S.C. § 3582(c)(1)(A) allows a court, upon a proper motion, to modify a term of imprisonment and grant what is commonly referred to as "compassionate release."  Prior to the First Step Act, PL 115-391, 132 Stat 5194 (Dec. 21, 2018), the court could not grant a motion for compassionate release unless the director of the Bureau of Prisons (BOP) filed the motion. *See* 18 U.S.C. § 3582(c)(1)(A) (2017). The First Step Act amended § 3582(c)(1)(A) to allow the court to grant a motion for compassionate release filed by the defendant himself "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C.A. § 3582(c)(1)(A); PL 115-391, 132 Stat 5194 § 603 (Dec. 21, 2018).

The Sixth Circuit recently determined that the occurrence of one of the two events mentioned in the statute is a "mandatory condition" to the Court granting relief. *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). If the government "properly invoke[s]" the condition, the Court must enforce it. *Id*. at 834. The government argues that Hall has not met the mandatory condition. It submits a letter by the warden of Hall's place of incarceration denying Hall's request for compassionate release. (DE 128-1, Letter.) Hall also submits a copy of the letter. (DE 142-1, Letter.) The letter states that the warden received Hall's request on July 6, 2020. Hall did not file this motion until more than 30 days after that date. Thus, the Court has authority to consider his request for compassionate release.

The compassionate release statute permits this Court to "reduce the term of imprisonment" and "impose a term of probation or supervised release with or without conditions

that does not exceed the unserved portion of the original term of imprisonment." 18 U.S.C.A. § 3582(c)(1)(A). Under the applicable provision of Section 3582(c)(1)(A), however, the Court may grant this relief only if it finds that "extraordinary and compelling reasons warrant such a reduction," and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C.A. § 3582(c)(1)(A)(i).

The statute does not define "extraordinary and compelling." Nevertheless, the policy statement by the Sentencing Commission applicable to Section 3582(c)(1)(A) sets forth the circumstances under which extraordinary and compelling reasons exist for modifying a sentence.

One of these is the medical condition of the defendant. The defendant must be suffering from a "terminal illness," or he must be suffering from a serious physical or mental impairment "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1. While Hall submits evidence that he suffers from certain medical conditions, he does not assert, nor is there an evidence in the record, that he has a terminal illness as defined under the policy statement. Likewise, he does not assert, nor is there any evidence in the record, that he has a permanent impairment that has substantially diminished his ability to provide self-care within the prison environment.

The policy statement also identifies certain "family circumstances" that constitute "extraordinary and compelling" reasons warranting a sentence reduction. These circumstances must involve the "death or incapacitation of the caregiver of the defendant's minor child or minor children" or the "incapacitation of the defendant's spouse or registered partner" if the defendant is the only available caregiver. U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1. Hall does not assert that either of those circumstances exists in this case.

The policy statement also has a catchall provision, which provides that undefined "other reasons" may exist that constitute an extraordinary and compelling reason to modify a sentence. These "other reasons" may only be "determined by the Director of the Bureau of Prisons." U.S.S.G. § 1B1.13 n. 1 (D). This Court has no authority to find "other reasons" that may justify a sentence reduction beyond those delineated in the policy statement. *See United States v. Lynn*, No. CR 89-0072-WS, 2019 WL 3805349, at *2 (S.D. Ala. Aug. 13, 2019).

Even if extraordinary and compelling circumstances did exist, the Court must still consider whether "the factors set forth in section 3553(a) to the extent that they are applicable" support the requested sentence reduction. 18 U.S.C. § 3582(c)(1)(A); *see United States v. Spencer*, No. 20-3721, 2020 WL 5498932, at *2 (6th Cir. Sept. 2, 2020). These factors include, among other things: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) the sentencing range for the applicable category of offense; and (3) the need for the sentence imposed to adequately deter criminal conduct, to protect the public from the defendant's further crimes, and to "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense."  18 U.S.C. § 3553(a).  The court must also find that the defendant "is not a danger to the safety of any other person or to the community." U.S. Sentencing Guidelines Manual § 1B1.13 (referencing 18 U.S.C. § 3142(g)).

The Court finds that the factors under 18 U.S.C. § 3553(a) do not support Hall's release. He was convicted of a serious offense. In his plea agreement, he conceded that he established an online relationship with a minor in Kentucky involving the transmission of sexually explicit texts and images of the minor. In addition, Hall traveled to Kentucky to engage in sexual conduct with the minor. He had a prior conviction for a similar sex offense. He has not yet served half of his

sentence. Considering the need for Hall's prison term to deter future criminal conduct, promote respect for the law, and provide just punishment, release is not appropriate. Further, based upon the record before it, the Court cannot find that Hall would not pose a danger to the safety of any person or the community if he were to be released.

As to Hall's motion to appoint counsel, there is no constitutional right to counsel in proceedings filed under 18 U.S.C. § 3582. *United States v. Walker*, No. CR 6:06-111-DCR, 2019 WL 3240020, at *4 (E.D. Ky. July 18, 2019) (citing *United States v. Bruner*, No. 5:14-cr-05-KKC, 2017 WL 1060434, at *2 (E.D. Ky. Mar. 21, 2017)). The decision to appoint counsel falls within the Court's discretion, but appointment of counsel is unnecessary where the issues raised in a § 3582 motion "are straightforward and resolvable upon review of the record." *United States v. Clark*, No. 6:07-013-DCR, 2019 WL 7161209, at *2 (E.D. Ky. Feb. 14, 2019). Hall has raised no complex issues. The Court was able to resolve his motion on the record before it. Accordingly, appointment of counsel is not appropriate.

For these reasons, the Court HEREBY ORDERS that Hall's motion for compassionate release (DE 119) and his motions for appointment of counsel (DE 120, 141) are DENIED.

Dated October 30, 2020

*Karen K. Caldwell*
KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY