**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION**
**PIKEVILLE**

**UNITED STATES OF AMERICA**

**Plaintiff,**

**V.**

**EARNEST BRADLEY HALL,**

**Defendant.**

**CRIMINAL NO. 7:14-2-KKC-2**
**and**
**CIVIL NO. 7:15-105-KKC**

**MEMORANDUM ORDER**

*** *** ***

This matter is before the Court on the following *pro se* filings from Earnest B. Hall in connection with his motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255: (1) motion for transcripts (DE 97); (2) motion requesting copy of the plea agreement (DE 98); (3) "Motion Filing of Additional Exhibits" (DE 99); (4) "Notice of Private International Remedy Demand – Purge of Contempt – Prayer for Forgiveness – Tender of Offer – Private Negotiable Performance Bond" (DE 100); (5) "Notice of Fault – Opportunity to Cure" (DE 101); (6) "Notice of Default – Consent to Decree" (DE 102); (7) "Notice of Demand for Specific Performance and Liquidated Damages – Notice of Intent to File Motion for Preliminary Injunction" (DE 103); (8) "Presuit Notice – Demand for Specific Performance" (DE 104); (9) "Motion to Return Property" (DE 107); (10) "Motion for Summary Judgment" (DE 108); and (11) "Motion to Add Exhibit to Re. ECF 54, ECF 99 2255" (DE 146). (Minor alterations for readability.)

**Motions for Transcripts and Copy of the Plea Agreement**

In his motion for transcripts (DE 97) and motion requesting a copy of the plea agreement (DE 98) Hall asks for transcripts from his initial appearance, the rearraignment,

and his plea proceedings[1] and he asks for copies of his plea agreement (DE 32) and the supplemental plea agreement (DE 33). He asserts that he is indigent and cannot pay for the requested documents.

In limited circumstances, a defendant may have a right to transcripts at the Government's or public's expense pursuant to 28 U.S.C. § 753(f) and 28 U.S.C. § 2250. However, Hall fails to show entitlement to a free copy of the documents for two reasons. First, he has not filed an application to proceed in forma pauperis in his § 2255 proceedings before the district court. *See United States v. Wheeler*, No. CRIM.A. 6:06-21-SS, 2012 WL 169987, at *1 (E.D. Ky. Jan. 19, 2012). Second, Hall has failed to show a particularized need for him to have the documents and instead merely notes that he cannot pay for them. *See Gibson v. United States*, No. 3:15-CR-66-TAV-HBG-1, 2017 WL 2222927, at *3 (E.D. Tenn. May 19, 2017).

**Motion Filing of Additional Exhibits**

In Hall's "Motion Filing of Additional Exhibits," he asks the Court to include various exhibits—mainly documents from his state case and this case—in the record to be considered in addressing his § 2255 motion. (DE 99.) And in Hall's "Motion to Add Exhibit to Re. ECF 54, ECF 99 2255," he seeks to add additional exhibits—a summary of the Supreme Court's opinion in *Mapp v. Ohio,* 367 U.S. 643 (1961) and Hall's own "affidavit of facts." (DE 146.) The Court has considered both filings and the attached exhibits in adjudicating Hall's § 2255 motion but concludes that they ultimately do not show that Hall is entitled to relief.

**Filings Related to Notice of Private International Remedy Demand**

In his five filings related to his "Notice of Private International Remedy Demand" (DE 100—DE 104), Hall appears to attempt to form a contract with the United States whereby he

[1] The only transcript that has been prepared is the rearraignment transcript. (DE 68.)

offers to exchange his repentance for his release from prison, describing himself as "property" to be released. His plan to achieve the government's consent to this contract is by stipulating that a lack of response constitutes consent to the terms of the agreement. The government did not respond in any fashion to the first filing, and thus Hall proceeded to file his later filings, declaring acceptance of the offer and demanding specific performance and liquidated damages. His filings cite various legal bases, including contract law, the Uniform Commercial Code, a Presidential Executive Order, and federal statutes.

As it turns out, Hall is not the first inmate at the federal prison in Marion, Illinois to make such unusual filings.[2] *See Annamalai v. Laird*, No. 16-cv-524-DRH, 2016 WL 3213340 (S.D. Ill. June 10, 2016); *Warren v. United States*, No. 16-cv-390-SMY, 2016 WL 2643345 (S.D. Ill. May 10, 2016). In both of these cases, the courts interpreted the filings as petitions for writs of habeas corpus pursuant to 28 U.S.C. § 2241. *Annamalai*, 2016 WL 3213340, at *1-2 (construing as a § 2241 petition a series of filings including a "Notice of Private International Remedy Demand" through which the petitioner sought to create a binding agreement with the respondents for his release); *Warren*, 2016 WL 2643345, at *1-2 (same). The courts applied such a liberal construction to the filings because they used terms like "petitioner" and "respondent"; they sought restoration of good conduct credits; and, when given a choice, petitioner paid the filing fee associated with a habeas corpus action. *See Annamalai*, 2016 WL 3213340, at *2; *Warren*, 2016 WL 2643345, at *1.

Hall's filings, however, do not contain such indicators of a § 2241 petition, which covers "challenges to the execution of a sentence, such as the computation of parole or sentence credits, and may not be used to challenge the validity of a conviction or the

---

[2] Hall was incarcerated at the federal prison in Marion, Illinois, at the time he made these filings. He has since been transferred to a different federal prison.

conditions of confinement." *Velasco v. Lamanna*, 16 F. App'x 311, 314 (6th Cir. 2001) (citing *Cohen v. United States*, 593 F.2d 766, 770-71 (6th Cir. 1979)). And while Hall, among other requests, asks to be released from custody, this Court does not interpret his filings as a motion to amend his § 2255 motion as Hall does not attack his sentence or conviction and he obviously knows how to request § 2255 relief.

Accordingly, the question becomes, how should the Court construe Hall's filings? Guiding the Court's decision is the principle that, although Hall's *pro se* pleadings are liberally construed, this Court does not have "an affirmative duty . . . to scrutinize *pro se* [pleadings] to determine whether there is a cause of action other than the one pleaded by the [*pro se* litigant] that is more advantageous to him." *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011). The Court determines that it is appropriate to address Hall's filings exactly as they are presented, a "Notice of Private International Remedy Demand" and like filings. Unfortunately for Hall, his filings rely on indisputably meritless legal theories and only satisfy a single purpose—wasting judicial resources. Put simply, Hall cannot write the ticket to his freedom by forming a purportedly accepted-by-acquiescence contract with the Government.

Further, the courts in *Annamalai* and *Warren* found the similar filings so frivolous that they ordered the litigants to show cause why monetary sanctions should not issue. *See Annamalai*, 2016 WL 3213340, at *2; *Warren*, 2016 WL 2643345, at *2. This Order rejecting these filings because they fail to present a legitimate claim for relief shall serve as a warning to Hall that he could face similar sanctions if he submits future frivolous filings.

**Hall's Motion to Return Property**

In Hall's motion to return property, he asks that the Court order the Government to return an iPhone 5 or pay him $50,000 for its misappropriation. (DE 107.) Federal Rule of

Criminal Procedure 41(g) permits "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property [to] move for the property's return."

However, contraband need not be returned, which is what the iPhone 5 is, as Hall acknowledged in his plea agreement: "The Defendant agrees that the iPhone 5 Model A1429 cell phone and related items seized from him during the investigation contains contraband and may be properly disposed of by the Federal Bureau of Investigation at the conclusion of the case." (DE 32 at 3); *see Savoy v. United States*, 604 F.3d 929, 932 (6th Cir. 2010) ("The general rule is that seized property, other than contraband, should be returned to its rightful owner once the criminal proceedings have terminated.") (quoting *United States v. Hess*, 982 F.2d 181, 186 (6th Cir.1992)).

**Motion for Summary Judgment**

In his "Motion for Summary Judgment" (DE 108), Hall argues that the Government's failure to respond to his reply (DE 92) in support of his construed first motion for leave to amend his § 2255 motion "implies a tacit acquiescence of [his] claims." (DE 108 at 2.) He also asks that, if the Court denies his motion for summary judgment, he be permitted to withdraw his § 2255 motion and file a new one within thirty days.

Hall's motion for summary judgment will be denied because the government did not need to respond to his reply brief in the first place and, even if it did, "[a] habeas corpus petitioner cannot obtain relief through the filing of a motion for summary judgment based upon the respondent's untimely response or failure to file a Return of Writ." *Poulsen v. United States*, No. 2:06-CR-129, 2014 WL 7272228, at *8 (S.D. Ohio Dec. 18, 2014), *report and recommendation adopted*, No. 07-CR-209, 2015 WL 859558 (S.D. Ohio Feb. 27, 2015). Similarly, Hall's request for leave to withdraw his § 2255 motion upon the denial of his motion for summary judgment will be denied.

Accordingly, **IT IS ORDERED** as follows:

(1) Hall's motion for transcripts (DE 97) and motion requesting copy of the plea agreement (DE 98) are **DENIED;**

(2) Hall's "Motion Filing of Additional Exhibits" (DE 99) and "Motion to Add Exhibit to Re. ECF 54, ECF 99 2255" (DE 146) are **GRANTED** to the extent that the motions request that Hall's submitted documents be considered in connection with his § 2255 motion;

(3) Hall's "Notice of Private International Remedy Demand – Purge of Contempt – Prayer for Forgiveness – Tender of Offer – Private Negotiable Performance Bond" (DE 100), "Notice of Fault – Opportunity to Cure" (DE 101), "Notice of Default – Consent to Decree" (DE 102), "Notice of Demand for Specific Performance and Liquidated Damages – Notice of Intent to File Motion for Preliminary Injunction" (DE 103), and "Presuit Notice – Demand for Specific Performance" (DE104), to the extent these filings collectively seek an order of relief from the Court, are **DENIED;**

(4) Hall's "Motion to Return Property" (DE 107) is **DENIED;** and

(5) Hall's "Motion for Summary Judgment" (DE 108) is **DENIED.**

Dated November 30, 2020

Karen K. Caldwell

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY