UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Criminal No. 7:14-02-KKC-CJS-1 |
| v. ) | |
| ) | |
| EARNEST BRADLEY HALL, ) | |
| ) | **OPINION AND ORDER** |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

The United States Court of Appeals for the Sixth Circuit remanded this matter to this Court for further proceedings consistent with its ruling (DE 173) that this Court wrongfully declined to conduct a hearing on whether defendant Earnest Bradley Hall asked his trial counsel to file a notice of appeal.

In 2014, Hall pleaded guilty to one count of receiving child pornography. The Court sentenced him to a prison term of 180 months and to supervised release for life. Hall eventually filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. In that motion, Hall raised four grounds of ineffective assistance of counsel. This Court denied the motion on all grounds. Hall appealed, and the Sixth Circuit granted a certificate of appealability on one of the four grounds: whether Hall's trial counsel was ineffective for failing to file a notice of appeal and also on the related issue of whether this Court erred in failing to hold a hearing on whether Hall told his counsel to file the notice of appeal. "To prevail on a claim that counsel was ineffective for failing to file a direct appeal, a defendant must demonstrate that counsel either disregarded his

specific instructions to file a notice of appeal or failed to consult with him about an appeal." *Roe v. Flores-Ortega*, 528 U.S. 470, 477–78 (2000).

Pursuant to the Sixth Circuit's ruling, the Court has now conducted a hearing on whether Hall directed his trial counsel to file a notice of appeal as he asserts. As will be explained further below, at the hearing, Hall continued to assert that he did request that his trial counsel file a notice of appeal. His trial counsel, James Wiley Craft II, on the other hand, continued to insist that Hall never indicated any desire to appeal. Craft testified that he explained to Hall prior to Hall's rearraignment that Hall was waiving his appeal rights in his plea agreement.

The Court is once again left with the issue of whom to believe. In resolving that issue, as it did in its prior opinion, the Court has again reviewed the record for evidence to support either account.

The record contains the following relevant evidence:

- Hall pleaded guilty to the child pornography charge, agreeing in his plea agreement that the government could prove all of the essential elements of the offense and that he was subject to a mandatory minimum 15-year prison term because of a prior sex offense. Hall and the government jointly recommended a 180-month prison term with a lifetime of supervised release. (DE 32 Plea Agreement.) The judgment that the Court entered adjudged Hall guilty of the crime he agreed he committed and sentenced him to the precise prison term and supervised release he recommended. The judgment and plea agreement support Craft's account that Hall did not instruct him to file a notice of appeal because it is unclear what issues Hall would have even intended to appeal since he agreed to both the conviction and the sentence.
- In the plea agreement, Hall waived his right to appeal. The plea agreement states this explicitly: "The Defendant waives the right to appeal the guilty plea, conviction, and sentence." (DE 32 Plea Agreement, ¶ 8.) The prosecutor orally explained this at the rearraignment. (DE 68 Tr. at 16.) And Judge Amul Thapar, who was a district court judge at the time, made sure this was clear to Hall, stating, "You have a waiver in your plea agreement, Mr. Hall, at paragraph 8. It says that you waive your right to appeal the guilty plea, the conviction, and the sentence in your case. That means you're giving up the right to argue to the next court, which is the Sixth Circuit Court of Appeals, and in any way attack your guilty plea, which is the plea you're going to enter today, your conviction, which is what stands as a result of that plea, and your sentence." (DE 68 Tr. at 27.) Hall told Judge Thapar that he understood that he was waiving the right to appeal. The plea

- agreement and rearraignment transcript support Craft's account that Hall did not instruct him to file a notice of appeal. It is difficult to believe that Hall intended to appeal when he explicitly and knowingly waived the right.
- On January 30, 2015, more than two months after his judgment was entered, Hall filed a "motion," in which he stated that he wished to file a direct appeal "appealing certain terms of my special conditions of supervision. I wish also to make changes to my Pre-sentence Report (PSR)." (DE 35 Motion.) Hall stated that he notified trial counsel Craft "of this matter" via correspondence before his sentencing and after reviewing his PSR. This statement could be viewed to state that Hall notified Craft that he wanted to file a direct appeal even before he was sentenced. On the other hand, Hall states that he notified Craft "of this matter" via correspondence. No party has produced any correspondence by which Hall requested that Craft file a notice of appeal. Nor has Hall even argued that such correspondence existed or exists now. Thus, this statement is better read to state that Hall informed Craft before his sentencing that he had issues with the supervised release conditions and with his PSR, not that he wished to appeal his sentence, which had not yet been imposed.
- In the January 2015 motion, Hall also stated, "I am under the impression [from] James Craft II [Hall's trial counsel], my case is over with and that he will file any and all appeals including a 2255 motion if necessary." This sentence could be read to support Hall's account that he asked Craft to file a notice of appeal. Although, Hall does not explicitly state he asked Craft to file the appeal.
- The Court interpreted Hall's January 2015 motion as a notice of appeal. When the Sixth Circuit ordered Hall to show cause why his appeal should not be dismissed as untimely (R. 6-2 *United States v. Hall*, No. 15-5118), Hall's response did not state that the reason that his appeal was late was because he asked Craft to file a notice of appeal, but Craft failed to do so. (R. 7 *United States v. Hall*, No. 15-5118). This omission supports trial counsel Craft's account because, if Hall truly asked Craft to file a notice of appeal, and Craft failed to do so, Hall most certainly would have stated this when asked why his appeal was late.
- In fact, in response to the show-cause order, Hall indicated his appeal was late – not because Craft failed to carry out Hall's wish to appeal – but because Hall did not even know he had the right to appeal. Hall stated that Craft failed to tell him he had a right to appeal after the sentencing hearing. This response supports Craft's account because, if Hall was not aware he had a right to appeal, he could not have instructed Craft to file a notice of appeal.
- The first time that Hall stated that he had requested that Craft file a notice of appeal was after the government responded to the Sixth Circuit's show cause order by stating that Craft had no obligation to file a notice of appeal *unless Hall requested him to do so*. (R. 7, *United States v. Hall*, No. 15-5118.) This timing supports Craft's account because, if Hall had truly requested that Craft file an appeal, then Hall would almost certainly have pointed this out in his initial response to the show cause order, not in a motion to reconsider filed only after the government explained that Hall must have requested that his trial counsel file a notice of appeal in order to find counsel ineffective for failing to file one.

As the Court pointed out in its prior opinion, one reason Hall's assertion that he requested that Craft file a notice of appeal was not credible is that Hall had never provided any details about when, where, why, or how he made this request. At the hearing, Hall provided details that made his account even less credible. Below is a summary of the most relevant testimony:

- As to precisely when Hall asked Craft to file the notice of appeal, Hall testified that he first did so the very first time he met Craft. Hall's indictment was filed on February 6, 2014. Hall testified that he first met Craft on February 21, 2014, which was the date of Hall's initial appearance. Hall claimed that he told Craft then that he wanted to appeal. This testimony supports Craft's account. It is not credible that Hall instructed Craft to appeal soon after the indictment was issued, and long before any plea agreement, judgment or sentencing. Hall would not have even known the outcome of the case or any issues to appeal at this point.
- Hall testified that he again told Craft he wanted to appeal when Craft brought him a copy of the plea agreement that the government had tendered. As discussed, Hall waived the right to appeal in the plea agreement. This testimony supports Craft's account. If Hall wanted to appeal when Craft brought him the plea agreement, why would he then sign the agreement in which he explicitly waived that right?
- When asked what issues he wanted to appeal at the time that he entered into the plea agreement, Hall testified that he wanted to raise the issue of whether a prior conviction was a qualifying offense for a sentencing enhancement. He also testified there were issues with his presentence report (PSR). This testimony weighs in favor of Craft's account.
  First, Hall could not have wanted to appeal an issue regarding his PSR because the PSR did not yet exist. (After the plea was entered, the Court ordered the probation officer to provide a copy of the PSR to counsel at least 35 days before sentencing. *See* DE 25 Sentencing Order).
  Second, Hall agreed in the plea agreement that his prior conviction was a qualifying sex offense that subjected him to a 15-year minimum sentence. (DE 32 Plea Agreement ¶ 4.) It is difficult to believe that at precisely the time Hall agreed to this issue, he also wanted to appeal it.
  Third, assuming that Hall truly did have an issue with whether the prior conviction was a qualifying sex offense, a person capable of understanding sentencing enhancements would also be capable of understanding the explicit waiver of appeal rights contained in Hall's plea agreement, especially after the thorough colloquy conducted by Judge Thapar at Hall's rearraignment. As explained, it is not credible that Hall instructed Craft to file a notice of appeal when he was aware that he had waived his rights to appeal.

At the hearing, Hall also tendered an affidavit with various documents. (Def. Ex. 1.) In the affidavit, Hall argues that the indictment against him should be dismissed because the FBI

4

agent investigating the case applied for a search warrant before the state action against Hall was dismissed. This issue is beyond the scope of what the Sixth Circuit ordered this Court to resolve on remand. Accordingly, the Court will not address this issue.

Having thoroughly reviewed the record and having observed the testimony at the hearing, the Court finds that Hall has failed to prove by a preponderance of the evidence that he instructed trial counsel Craft to file a notice of appeal. *See, e.g., Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

Accordingly, for the reasons stated in this opinion and the Court's November 30, 2020 opinion (DE 157 Opinion), Hall's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence (DE 54) is DENIED.

This 6th day of July, 2023.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY